TERRILL GOODS SR.

RECEIVED

OCT 28 2025

KELLY L. STEPHENS, Clerk

V.

United States of America, et al.,

Petition for Rehearing
En Banc (by Full Court)

I beseech the 6th cir. C.O.A. to grant the aforesaid petition pro se. A statement of positive fact is a representation not only that the fact is true as represented, but also that the person making the statement has a solid basis for making it. See: Gary White V. Robert J. Walsh 649 F. 2d 560; May 15, 1981 8th cir. Also enclosed Exhibit from the district court for 28 U.S.C. § 753(f). The district court used the word conclusory. But the "Trial Transcripts" reveal in there own words the unconstitutional acts of the defendants. President Ronald Reagan coined the quote "Trust, But Verify". I request a rehearing on the basis the record doesn't lie. To satisfy the 6th C.O.A's desire for "Factual Enhancement" I request the court to sift the specified Trial Transcripts. The post-trial revelations regarding unconstitutional acts are almost identical to the Orange County Informant scandal. During trial the AUSA admitted on record that she "intercepted" "chirps" from the Jail. This happened after the C.I. left the stand. Judge Bunning knew who my pet was "without", even being told. But thats ridiculous because that would make him a psychic? See: (Clements V. Madden 112 F. 4th 792 No. 22-55333 Aug. 9, 2024.) Cure of gross injustice may serve as basis for en banc consideration. (U.S. V. Lynch, 690 F. 2d 213, (D.C. Cir. 1982). The court has overlooked or misapprehended the particular law (constitution) or Facts (illegal wiretapping). Also Judge Bunning instructed the U.S. marshal to tell jail staff to put me on "High Risk Suicide Watch". This can be verified VIA "Jail Medical Records". Constitutional principles were clearly established during the aforesaid allegations SEE: Redding V. Safford Unified Sch. Dist #1 3/26/08 Fed. R. App. P. 35. "case one of exceptional importance" warranting en banc

Case: 25-5569    Document: 14    Filed: 10/28/2025    Page: 2

determination under Fed. R. App. P. 35 (a)(2). Trust but Verify. The Trial Transcripts and Jail Medical Records speak for themselves. At trial Bunning on record stated only 2 affidavits had been filed. This solidified the 4th, 5th, And 6th Amendment Violations... Trust-but Verify. It is the acts causing damage to the plaintiff that give rise to liability for damages, not the "civil conspiracy" itself. The damage for which recovery may be had in a civil action is not the conspiracy itself but injury to the plaintiff produced by specific overt acts. U.S. V. Guler Orman 417 F. Supp. 1126, 1976, No. 76-CR-5, July 16, 1976

## Conclusion

The scope of discovery is set out in Fed. R. Civ. P. 26 (b)(1). The rule explicitly states that a party may obtain discovery regarding any nonpriviledged matter that is relevant to any party's claim or defense and proportionate to the needs of the case. The Trial Transcripts and Jail medical records (8/24/23) are probative in proving and or disproving a claim or defense. The 3 panel judges stated that my brief lacked "Factual Enhancement." The enclosed Exhibit proves the defendants have ignored 26(b)(1) to avoid exposure in respects to "meeting of the minds" to deprive of civil rights. But this also reeks of denial of access to the courts. The Trial Transcripts are considered "Work Product". Ordinary Work Product is fact-oriented in connection with the litigation. The 3 panel judges acknowledged that my brief elaborated somewhat on a conspiracy theory. With that being said imagine what I can prove if the defendants weren't allowed to break Rule 26(b)(1)? Attorney-client priviledge and Effective Assistance of counsel are connected with The Work Product doctrine. It is even more vital in criminal cases. During trial the AusA on "Record" admitted to having access to "chirps" that displayed "ordinary and opinion Work product" Trust but verify, Judge Bunning Revealed that he also spyed "phone calls and chirps" by knowing who scrappy was "Trust but verify". See other cases involving Bunning and Jail calls Exhibits B and C. Bunnings admission came during Nicole Burgins

Case: 25-5569  Document: 14  Filed: 10/28/2025  Page: 3

testimony "At" Trial. The 8th Amend claim can be proven by Newport Jail C.C.D.C. (medical records). Bunning out of pure malice lied to punish me for walking out of the Final Sent, Hearing "Knowingly and intelligently" SEE: 6th Cir. C.O.A. 3/18/24 decision affirming conviction. The district court nefariously stamps my allegations as "naked assertions without factual enhancement". Every single claim can be verified by the records. Petition for Rehearing En banc (by the Full Court) will prevent a blatant disregard of my 4th, 5th, 6th, 8th and 14th Amend. Rights protected by the U.S. Const. Whether or not to "show your hand" is Quintessential litigation strategy. Steinhardt, 9 F. 3d at 235. Judge Bunning and the AUSAs violated the constitution which in turn has caused on going intentional infliction of emotional distress. Jail Medical Records will solidify my 8th cruel and unusual claim "Trust but Verify." SEE also Fed. R. Civ. P. 26(b)(5)(A)(ii). Denial of Trial Transcripts violates the "inevitable discovery doctrine". This thereby makes satisfaction of "factual enhancement" requirement prejudical and biased. Constitutional rights are the foundation of justice. The publics intrest in the prompt and efficient administration of justice require granting of Petition for Rehearing En banc (by the Full Court). SEE: People V. DeKraai, 5 Cal. App. 5th at 1137 "AUSA failed its responsibity by protecting the rule of law and instead comprimised the defendents constitutional and statutory rights." Judge Bunning who during trial implicated his involvement in this "civil conspiracy" has clear motive and bias in favor of the prosecution to deny transcripts and claim that my claims are naked and without merit. The reckless disregard for my constitutional protected rights are clearly violated by the aforementioned Public officials. This can be verified by way of TRIAL TRANSCRIPTS, JAIL MEDICAL RECORDS, and DOCKET SHEET. I humbly request granting of the aforesaid Petition. This petition "pleads" factual content to draw reasonable inference Twombly, 550 U.S. at 570

Humbly,
Terrill Goods Sr.

#83247508
10/17/25

*Exhibit*

RECEIVED

OCT 2 8 2025

KELLY L. STEPHENS, Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 25-65-DLB

TERRILL GOODS, SR.                                                          **PLAINTIFF**

v.                                         <u>ORDER</u>

UNITED STATES OF AMERICA, et al.                          **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Terrill Goods, Sr. has filed a motion for leave to proceed *in forma pauperis* on appeal. (Doc. # 17). Goods's motion will be granted, as he was permitted to proceed *in forma pauperis* in this Court and may proceed *in forma pauperis* on appeal without further authorization. *See* Fed. R. App. 24(a)(3).

Goods also has filed a motion seeking various transcripts from his criminal proceeding, *United States v. Goods*, 2:22-CR-17-1, pursuant to 28 U.S.C. § 753(f). (Doc. # 16). Under that provision, the Court may order the government to pay for a transcript if "the suit or appeal is not frivolous and . . . the transcript is needed to decide the issue presented by the suit or appeal." § 753(f). However, "[c]onclusory allegations in support of a request for free transcripts do not satisfy these requirements." *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008); *Choy v. Comcast Cable Commc'n, Inc.*, Civil No. 08-4092 (RBK/AMD), 2013 WL 3283860, at \*2 (D.N.J. June 27, 2013) (movant must "demonstrate a nexus between specific portions of the trial transcript and the particular grounds on which the plaintiff intends to appeal). Since Goods has failed

1

to explain what issues he intends to raise on appeal or why transcripts from his criminal proceeding are needed to decide them, the motion will be denied.

Based on the foregoing, it is **ORDERED** as follows:

(1)    Goods's motion for transcripts (Doc. # 16) is **DENIED**;

(2)    Goods's motion for leave to proceed *in forma pauperis* on appeal (Doc. # 17) is **GRANTED**; and

(3)    The Clerk of this Court is directed to transmit a copy of this Order to the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit.

This 2nd day of July, 2025.



Signed By:

**David L. Bunning**

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\PSO Orders\2-25-65 Order Re Appeal.docx

{1988 U.S. App. LEXIS 10} Rule 26(b)(3) is very specific and direct in its application and requires the district judge to take specific sequential steps when a claim is made that material should be protected because of trial preparation. These steps should be taken against the admonition of Justice Murphy in *Hickman*:

> In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways--aptly though roughly termed by the Circuit Court of Appeals in this case as the "work product of the lawyer." Were {1988 U.S. App. LEXIS 11} such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served. *Hickman*, 329 U.S. at 510-11.

KEY !!!

KEY !!!

After THE C.I. LEFT The Stand AUSA Elaine Leonard Admitted to having access to my "Jail Chirps". That is a violation of the 4th, 5th, and 6th Amendments.—

SEE: Trial Transcripts Judge Bunning indicated his involvement during Nicole Burgins Cross Examination

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Exhibit A* (handwritten)

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ERIC LAVELL MINTER, Defendant-Appellant.
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
80 F.4th 753; 2023 U.S. App. LEXIS 23087; 2023 FED App. 0204P (6th Cir.)
23a0204p.06No. 22-5600
August 31, 2023, Decided
August 2, 2023, Argued
August 31, 2023, Filed

**Editorial Information: Subsequent History**

Rehearing denied by United States v. Minter, 2023 U.S. App. LEXIS 25506, 2023 WL 6532607 (6th Cir., Sept. 26, 2023)US Supreme Court certiorari denied by Minter v. United States, 2024 U.S. LEXIS 1335 (U.S., Mar. 18, 2024)

**Editorial Information: Prior History**

{2023 U.S. App. LEXIS 1}Appeal from the United States District Court for the Eastern District of Kentucky at Ashland. No. 0:17-cr-00010-5. David L. Bunning, District Judge.United States v. Brown-Lovelace, 2019 U.S. Dist. LEXIS 225731, 2019 WL 7666995 (E.D. Ky., Dec. 12, 2019)

**Counsel** ARGUED: Maryam Assar, CASE WESTERN RESERVE UNIVERSITY, Cleveland, Ohio, for Appellant. John Patrick Grant, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.
ON BRIEF: Maryam Assar, Andrew S. Pollis, CASE WESTERN RESERVE UNIVERSITY, Cleveland, Ohio, for Appellant. John Patrick Grant, Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

**Judges:** Before: STRANCH, BUSH, and MURPHY, Circuit Judges.

**CASE SUMMARY**District court did not err in imposing the firearm-possession enhancement under USSG § 2D1.1(b)(1) because defendant's statements made in the jail calls with his girlfriend supported the district court's findings that he knew the pistol was hidden beneath the porch and that he constructively possessed the firearm.

**OVERVIEW: HOLDINGS:** [1]-The district court did not err in imposing the managerial-role sentence enhancement under USSG § 3B1.1 because the record provided enough evidentiary support for the district court to reasonably conclude that defendant not only exercised authority over an accomplice but also received a larger share of the drug-trafficking profits than that accomplice, and thus, the record supported a finding that defendant exercised at least some level of managerial control over the drug couriers; [2]-The district court did not err in imposing the firearm-possession enhancement under USSG § 2D1.1(b)(1) because defendant's statements made in the jail calls with his girlfriend supported the district court's findings that he knew the pistol was hidden beneath the porch and that he constructively possessed the firearm.

*KEY* (handwritten) → "doveryai, no proveryai" ("trust, but verify") (handwritten)
This Case used illegal wiretapping... (handwritten)

A06CASES                    1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit B

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DANIEL L. USHERY, JR.,
Defendant-Appellant.
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
785 F.3d 210; 2015 U.S. App. LEXIS 7470; 2015 FED App. 0082P (6th Cir.)
15a0082p.06No. 14-5046
May 6, 2015, Decided
March 4, 2015, Argued
May 6, 2015, Filed

**Editorial Information: Subsequent History**

Rehearing, en banc, denied by United States v. Ushery, 2015 U.S. App. LEXIS 11691 (6th Cir., June 25, 2015)US Supreme Court certiorari denied by Ushery v. United States, 577 U.S. 946, 136 S. Ct. 375, 193 L. Ed. 2d 303, 2015 U.S. LEXIS 6728 (Oct. 19, 2015)Post-conviction proceeding at, Certificate of appealability denied, Motion denied by Ushery v. United States, 2020 U.S. App. LEXIS 21840 (6th Cir., July 14, 2020)Motion granted by United States v. Ushery, 2022 U.S. Dist. LEXIS 241393, 2022 WL 19517227 (E.D. Ky., June 8, 2022)Decision reached on appeal by, Motion denied by United States v. Ushery, 2022 U.S. App. LEXIS 22917 (6th Cir. Ky., Aug. 17, 2022)Decision reached on appeal by, Motion granted by, Remanded by United States v. Ushery, 2023 U.S. App. LEXIS 8636, 2023 WL 2938507 (6th Cir., Apr. 11, 2023)Decision reached on appeal by United States v. Ushery, 2024 U.S. App. LEXIS 1551 (6th Cir. Ky., Jan. 23, 2024)Decision reached on appeal by United States v. Ushery, 2024 U.S. App. LEXIS 3317 (6th Cir. Ky., Feb. 12, 2024)Motion denied by United States v. Ushery, 2025 U.S. Dist. LEXIS 74940 (E.D. Ky., Apr. 18, 2025)

**Editorial Information: Prior History**

{2015 U.S. App. LEXIS 1}Appeal from the United States District Court for the Eastern District of Kentucky at Covington. No. 2:13-cr-00027-David L. Bunning, District Judge.

**Counsel**          ARGUED: Christopher F. Cowan, Columbus, Ohio, for Appellant.
          Daniel Steven Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
          ON BRIEF: Christopher F. Cowan, Columbus, Ohio, for Appellant.
          Daniel Steven Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Anthony J. Bracke, UNITED STATES ATTORNEY'S OFFICE, Ft. Mitchell, Kentucky, for Appellee.

**Judges:** Before: CLAY, GILMAN, and SUTTON, Circuit Judges. GILMAN, J., delivered the opinion of the court in which SUTTON, J., joined. CLAY, J., delivered a separate dissenting opinion.

**CASE SUMMARY**Court did not commit plain error, even if it improperly participated in plea discussions under Fed. R. Crim. P. 11(c)(1), because the final plea agreement was significantly more favorable to defendant than the agreement that the government initially offered him.

**OVERVIEW:** HOLDINGS: [1]-Court did not commit plain error, even if it improperly participated in plea discussions under Fed. R. Crim. P. 11(c)(1), because defendant failed to show that his substantial rights were affected when he admitted under oath that he had engaged in the conduct underlying his offense of distribution of crack cocaine under 21 U.S.C.S. § 841(a)(1) and the final plea agreement was significantly

CIRHOT                                        1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

→ "doveryai, no proveyai" ("trust, but verify")
↳ This old case used illegal wiretapping...

top end of the applicable Sentencing Guidelines range.

Ushery timely appealed, arguing that (1) the district court violated Rule 11(c)(1) of the Federal Rules of Criminal Procedure's ban against judicial participation in plea discussions, (2) Ushery's exclusion from an August 6, 2013 pretrial teleconference violated his right to be present at every critical stage of the proceedings, and (3) his 252-month sentence was substantively unreasonable. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. Underlying offense

Ushery, in April 2012, sold approximately half a gram of crack cocaine to a confidential{785 F.3d 213} informant in Campbell County, Kentucky for $100. When a police officer attempted to arrest Ushery for the offense, Ushery escaped in his car, running red lights and stop signs in the process. Only when Ushery crashed his car into a shed did the motorized chase end.{2015 U.S. App. LEXIS 3} He then fled on foot until he was eventually apprehended. The pursuing officer dislocated his shoulder in the process and subsequently retired due to the injury.

Upon Ushery's arrest, he was found to be in possession of small amounts of heroin, crack cocaine, and marijuana, as well as $329.50 in cash. Ushery also admitted to swallowing two bags of heroin during the pursuit. He further admitted to selling drugs in the past. At the hospital where he was transported, Ushery threatened to kill the arresting officer and the officer's family.

While in jail, Ushery called his girlfriend and asked her to retrieve money from a storage unit in Cincinnati, Ohio. The call was recorded by the police. After obtaining a search warrant, the police searched the storage unit and seized $8,781 in cash, a Marlin rifle, a .22 caliber handgun, ammunition, two boxes of baseball cards, and a digital scale.

A grand jury indicted Ushery in May 2013 for distributing crack cocaine, for possessing crack cocaine with the intent to distribute, and for possessing heroin with the intent to distribute, all in violation of 21 U.S.C. § 841(a)(1). The indictment also sought criminal forfeiture of the items seized from Ushery's person and from{2015 U.S. App. LEXIS 4} his storage unit. As part of the proceedings, the government filed a notice pursuant to 21 U.S.C. § 851(a)(1) that Ushery had been convicted of three prior felony drug offenses.

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.